# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8820 | **DATE** | 1/12/2005 |
| **CASE TITLE** | Chicago Messenger Service et al. vs. Nextel Communications et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation submitted to Judge Norgle. The Court recommends that the district court deny Plaintiffs' Motion for Clarification of Local Rule 54.3 [#86]; grant Defendants' Motion to Enforce Local Rule 54.3 [#87]; and award Defendants attorneys' fees and costs in the amount of $191,442.40. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | **2** number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JAN 1 2 2005 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 1/12/2005 date mailed notice | |
| | courtroom deputy's initials FT/*nccy* | 2005 JAN 12 AM 11:18 U.S. DISTRICT COURT | FT mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO MESSENGER SERVICE, INC., )
and VETERANS MESSENGER SERVICE, )
INC., )
 ) No. 01 C 8820
 Plaintiffs, )
 ) Judge Charles R. Norgle
 v. )
 ) Magistrate Judge
NEXTEL COMMUNICATIONS, INC., and ) Arlander Keys
NEXTEL WEST CORP., )
 )
 Defendants. )

TO: THE HONORABLE CHARLES R. NORGLE
    UNITED STATES DISTRICT JUDGE

**DOCKETED**
**JAN 1 2 2005**

### REPORT AND RECOMMENDATION

As their names suggest, Chicago Messenger Service, Inc., and Veterans Messenger Services, Inc. (collectively, "Messenger") provide messenger delivery services. In November 2001, Messenger sued Nextel Communications, Inc. and Nextel West Corp. (collectively, "Nextel") in state court, alleging that Nextel breached an agreement it had to provide Messenger with the communications services and equipment Messenger needed to operate its businesses. Specifically, Messenger sued Nextel for breach of contract, consumer fraud, fraud, tortious interference with contract and tortious interference with prospective economic advantage. Nextel removed the case, and filed a counterclaim, alleging that it had performed all of its obligations under the contract with the defendants, and that the defendants had failed to pay what they owed Nextel under the contract.



Nextel moved for summary judgment, and, in a Memorandum Opinion and Order entered September 23, 2003, the district judge granted the motion, finding the plaintiffs liable to Nextel, but reserving for trial the question of the amount of damages to be awarded. Shortly thereafter, the plaintiffs submitted proposed findings of fact and conclusions of law on the question of damages. Based upon those findings and conclusions, Nextel asked the court to enter judgment in its favor on the damages issue, and the district judge granted the motion. On January 29, 2004, Judge Norgle ordered the Clerk to "enter judgment pursuant to Federal Rule of Civil Procedure 58"; additionally, the court's order provided that, "[a]s to the issue of attorney fees, the parties shall comply with Local Rule 54.3." *Chicago Messenger Service v. Nextel*, No. 01 C 8820 (N.D. Ill. Minute Order of Jan. 29, 2004). The next day, Judge Norgle signed a Judgment Order, ordering Messenger to pay Nextel $128,729.54, plus late fees in the amount of $1,930.94 per month from November 28, 2001 to the date of judgment, as well as attorneys' fees and costs.

The defendants satisfied the part of the judgment relating to the contractual damages and the late fees, but the parties continue to squabble over that part of the judgment relating to attorneys' fees and costs. As a result of that squabble, Messenger filed a Motion for Clarification of Local Rule 54.3; Nextel responded and also filed a Motion to Enforce Local Rule

2

54.3. The district judge referred the motions to this Court on October 12, 2004.

Federal Rule of Civil Procedure 54 provides that, as a general rule, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The Rule also allows parties to petition the court for an award of attorneys' fees. Local Rule 54.3 provides that "[t]he parties involved shall confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion." L.R. 54.3(d). To this end, the rule requires the movant to provide the respondent with the time and work records on which the fee motion will be based, as well as records showing the hourly rates paid for litigation services provided in the case, and records supporting the requested related nontaxable expenses. *Id.*, ¶¶(d)(1)-(4). If, after the above information is furnished, the parties still cannot agree on the amount of fees and expenses, the respondent is required to disclose the total amount of attorneys' fees paid (or soon to be paid) by respondent for the litigation; the rule also requires the respondent to furnish time and work records, hourly rate evidence, evidence supporting related nontaxable expenses, and any other evidence supporting respondent's opposition to the fee motion. *Id.*, ¶(5).

On February 9, 2004, Goldberg Kohn, counsel for Nextel, wrote to Freeborn & Peters, counsel for Messenger, in an attempt to reach an agreement as to the amount of the attorneys' fees award. Along with that letter, counsel enclosed a declaration from the lead Goldberg Kohn partner on the case, which, in turn, enclosed the firm's billing records on the case. The records are copies of the actual bills sent to Nextel, which have either already been paid or will be paid shortly, in the ordinary course of business. The bills reflect entries for particular tasks, and each entry shows the date on which the task was performed, a description of the task, the initials of the attorney who performed the task, the amount of time spent on the task, and the total amount billed for the task.

In response to this package, Messenger's counsel sent Nextel's counsel a letter dated February 27, 2004. This letter quoted the portion of Local Rule 54.3 addressing what should occur if the parties cannot agree on the amount of fees to be awarded, thereby suggesting, without ever really stating, that Messenger disputed the amounts claimed in Goldberg Kohn's billing statements. Rather than challenging – specifically or generally – Nextel's billing records, Messenger's counsel simply shared that Messenger had been billed, or would soon be billed, a total of $150,860.77 in connection with the litigation against Nextel, and that Messenger had already paid a total of $131,427.45 for

4

litigation services.

Nextel's counsel, in turn, responded with a letter, dated March 4, 2004, indicating that, in her view, the February 9 package satisfied Nextel's obligations under Local Rule 54.3, whereas the February 27 letter failed to satisfy Messenger's obligations under that rule. In this last letter, counsel for Nextel demanded that, if Messenger wished to dispute the hourly rates or the number of hours reflected in the billing statements, it provide the information necessary to explain the bases for the dispute, which would then - hopefully - facilitate a resolution of the disputed issues. Rather than respond to that letter, counsel for Messenger filed its Motion for Clarification of Local Rule 54.3. The next day, Nextel filed its Motion to Enforce Local Rule 54.3.

The gist of Messenger's motion is that Nextel is not entitled to recover fees and costs incurred in connection with Messenger's complaint; rather, according to Messenger, Nextel is entitled to recover only those fees and costs incurred in connection with Nextel's counterclaim. Because Nextel's billing records do not permit Messenger to differentiate between time billed on the complaint and time billed on the counterclaim, the records are, in Messenger's view, deficient under Local Rule 54.3, which means all bets are off.

In response to this argument, Nextel argues that fees and

costs incurred in connection with the counterclaim are inseparable from those incurred in connection with the complaint. Additionally, Nextel faults Messenger for failing to provide the information required under Local Rule 54.3; Nextel asks the Court to either order Messenger to provide the information, or to award Nextel the full amount of fees and costs reflected in the billing records included in the February 9 package.

Initially, the Court rejects counsel's suggestion that the time and effort spent on battling the plaintiffs' claims is somehow separate and distinct from the time and effort spent pursuing defendants' counterclaim. Given the nature of the parties' claims - at their core, the plaintiffs' claims arise out of the allegation that Nextel breached the contractual duties owed CMS and VMS, and Nextel's claim alleges breach of the same contract - the effort is inseparable. The Court agrees with Nextel on this point.

Turning to Nextel's motion, the Court is mindful, given the track record of this case, that additional orders requiring the parties to comply with Rule 54.3 will likely result in more squabbling and - in all likelihood - more motions. Accordingly, the Court has determined that the wisest course of action, in terms of preserving judicial resources, is not to issue additional orders concerning the requirements of Rule 54.3, but to decide what is the appropriate amount of fees and costs to be

awarded. This the Court does below.

A reasonable attorney's fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation, known as the "lodestar," may then be adjusted upward or downward, depending on a variety of factors. *Altergott v. Modern Collection Techniques, Inc.*, 864 F. Supp. 778, 780 (N.D. Ill. 1994). The party seeking the fees bears the burden of proving both that the hourly rates requested are reasonable and that the hours claimed to have been worked were reasonably expended on the litigation. *Hensley*, 461 U.S. at 433. And, although Courts have broad discretion in fixing the amount of the award, to the extent they deviate from the petitioner's claimed rates and hours, they must explain those deviations. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 519 (7th Cir. 1993).

In its February 9 submission to Messenger, Nextel documented fees and costs totaling $226,966.20 through January 31, 2004. More specifically, Nextel documented the following hours and rates for its team of attorneys and paralegals:

| BILLING PERSON | HOURS & RATES | TOTAL |
|---|---|---|
| Deborah R. Hogan (atty) | 2.75 @ 240.00<br>107.50 @ 290.00<br>92.50 @ 300.00<br>10.00 @ 325.00 | $62,835.00 |

7

| BILLING PERSON | HOURS & RATES | TOTAL |
|---|---|---|
| Frederic R. Klein (atty) | 15.50 @ 375.00<br>69.75 @ 410.00<br>35.25 @ 450.00<br>3.00 @ 460.00 | $51,652.50 |
| Matthew H. Metcalf (atty) | 20.25 @ 190.00<br>220.00 @ 215.00<br>163.25 @ 240.00<br>4.50 @ 265.00 | $91,520.00 |
| Diane M. Ende (paralegal) | .50 @ 70.00 | $35.00 |
| Mike Evans (paralegal) | 13.75 @ 50.00<br>1.50 @ 60.00 | $777.50 |
| Linda K. McClain (paralegal) | .25 @ 95.00 | $23.75 |
| Kathleen M. O'Connell (paralegal) | 9.00 @ 95.00 | $855.00 |

Additionally, Nextel documented the following costs and expenses:

copying/labeling charges . . . . . . . . . . . . . . . . . . . $8,900.42

telecopy charges . . . . . . . . . . . . . . . . . . . . . . . $265.38

long distance telephone charges . . . . . . . . . . . . . . . $143.76

computerized research services/research fees . . . . . $3,826.54

filing fees/other court expenses . . . . . . . . . . . . . . $277.11

courier/expedited delivery charges . . . . . . . . . . . . . $330.81

deposition-related expenses . . . . . . . . . . . . . . . . $4,682.93

meeting expenses (petty cash) . . . . . . . . . . . . . . . . $10.55

travel expenses . . . . . . . . . . . . . . . . . . . . . . . $478.34

Thus, the total reflected in the February 9 package is $226,614.59 ($207,698.75 in fees, plus $18,915.84 in expenses).

These are the same fees and costs that Nextel now asks the Court to award.[1]

The Court first considers the rates claimed by Nextel, which range, over time, from $50 to $95 for paralegal services and from $190 to $460 for attorney services. Initially, Messenger has never challenged the reasonableness of the rates Nextel's attorneys charged for their time. In their motion, Messenger suggests that it is unable to contest the rates because Nextel failed "to provide sufficient detail in its billing narratives." *See* Motion, ¶7. But more detailed descriptions of the services provided would say nothing about the reasonableness of the rates charged by the individual attorneys. Moreover, based upon its own experience, the Court finds that the rates charged by Nextel's attorneys fall within the bounds of reasonableness, given the experience level of the attorneys involved.

The Court next considers the hours billed by the various attorneys and paralegals. As a general rule, "hours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461

---

[1] Actually, Nextel seeks $226,966.20, $351.61 more than the amount identified by the Court. The Court attributes this discrepancy to the fact that page 4 of Nextel's August 15, 2002 billing statement appears to have been omitted. If this statement is consistent with the rest of the statements included in the package, this last page would have itemized the costs and expenses (photocopying, telecopy, telephone, computerized researched, etc.) included in that bill. Because these expenses are not specifically identified, the Court will disallow the $351.61, and use the number that is supported in Nextel's documents.

U.S. at 434 (emphasis in original). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked, and the Court should exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary to the litigation. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550, 552 (7th Cir. 1999). The Court may also exclude hours that are inadequately documented if the lack of documentation prevents the Court from gauging reasonableness. *See Hensley*, 461 U.S. at 433; *People Who Care v. Rockford Board of Education, School District No. 205*, 90 F.3d 1307, 1314 (7th Cir. 1996).

Messenger's complaints about the lack of detail in the billing statements make more sense in the context of the hours issue. But the descriptions provided are typical of those seen on attorneys' billing statements. And the descriptions are adequate to convey the gist of the services provided in each case. Nevertheless, in some instances, the Court finds that the amounts billed are excessive or unreasonable. For example, according to the billing statements, Goldberg Kohn billed Nextel to have two attorneys, Attorney Hogan and Attorney Metcalf, attend the depositions of M. Buzil on October 4, 2002, S. Brennan on October 7, 2002, and W. Factor on November 5, 2002. One might argue that it makes sense to send a supervising attorney to watch over a deposition taken by a less experienced attorney. But it appears that, in this case, it went both ways - Mr. Metcalf, the

more junior attorney, also attended depositions taken by Attorney
Hogan, the more seasoned attorney. Similarly, Goldberg Kohn
billed Nextel to have two attorneys attend a court hearing on a
motion to extend the discovery schedule - hardly a complex
matter. While these practices might be appropriate for training
purposes, it seems wholly inappropriate to bill the client for
the resulting redundancies in coverage.

Additionally, the records show that counsel spent a combined
total of just under 40 hours preparing an answer to the amended
complaint and an amended counterclaim, a total of just under 30
hours preparing a response to a motion to compel filed in October
of 2002, approximately 30 hours preparing just the statement of
facts for Nextel's motion for summary judgment, a total of just
under 130 hours for Nextel's opening brief on summary judgment,
and another 75+ hours for the reply brief on that motion. All of
this seems somewhat excessive. The way in which counsel billed -
in quarter hour increments - also suggests that some of the hours
claimed are excessive; by way of example, the Court finds it hard
to believe that it could have taken Attorney Metcalf thirty
minutes to review Judge Norgle's July 30, 2003 four-paragraph
order granting Nextel's motion to strike.

Based on these examples, and others reflected in the
records, the Court will disallow 21 hours billed by Attorney
Hogan, 12 hours billed by Attorney Klein, and 41 hours billed by

11

Attorney Metcalf. In total, the Court finds that $187,338.75 is a reasonable attorneys' fee award in this case. This amount consists of the paralegal time itemized above, plus attorney time as follows:

for Attorney Hogan, 2.75 hours billed at the rate of $240.00/hour, plus 96.50 hours billed at the rate of $290.00/hour, plus 82.50 hours billed at the rate of $300.00/hour, plus 10.00 hours billed at the rate of $325.00/hour;

for Attorney Klein, 15.50 hours billed at the rate of $375.00/hour, plus 61.75 hours billed at the rate of $410.00/hour, plus 31.25 hours billed at the rate of $450.00/hour, plus 3.00 hours billed at the rate of $460.00/hour; and

for Attorney Metcalf, 20.25 hours billed at the rate of $190.00/hour, plus 190 hours billed at the rate of $215.00/hour, plus 152.25 hours billed at the rate of $240.00/hour, plus 4.50 hours billed at the rate of $265.00/hour.

The Court next considers the costs and expenses claimed by Nextel. Costs recoverable under Federal Rule of Civil Procedure 54 include "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for

exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920 (West 2003). But a district court has broad discretion in determining the appropriate expenses and costs to be awarded. *See Haroco, Inc. v. American National Bank and Trust Company of Chicago*, 38 F.3d 1429, 1439 (7th Cir. 1994). The court may award costs that are reasonable in amount and necessary to the litigation, *Harkins v. Riverboat Services, Inc.*, 286 F. Supp. 2d 976, 979 (N.D. Ill. 2003), and may reduce or deny reimbursement for any expenses that are inadequately documented. *See Altergott*, 864 F. Supp. at 783. Unfortunately for Nextel, that is largely the case here.

With respect to the copying charges, for example, Nextel provided no documentation that would allow the Court to determine the per page rate being charged.[2] The monthly copying charges vary from entries less than $10 to entries in the hundreds and thousands of dollars. Depending on the number of pages copied, the rates may be exorbitant or they may be entirely reasonable.

---

[2]This is perhaps understandable, given that the matter comes to the Court, not on a formal fee petition, but on collateral motions. But it is on this record that Nextel has asked the Court to enter the award.

But because the Court has no way of knowing which is the case, the copying charges will be disallowed. The same analysis would apply for the telecopy and long distance telephone charges included in counsel's bills. Nor does counsel provide the Court with the means to assess the reasonableness of the charges incurred in connection with depositions. The Court would need to know, for example, how many pages the deposition transcripts were, and whether the charges include fees for expedited delivery, or special form transcripts, etc. Without invoices – or some other documentation demonstrating the reasonableness of the charges incurred – the Court is unwilling to impose the charges on Messenger. So too with the meeting expenses and the travel expenses. The Court will, therefore, disallow all but $150.00 of the requested expenses. In so doing, the Court is in no way suggesting that counsel for Nextel did not spend the amounts claimed for depositions, photocopying, etc. But without adequate documentation, the Court simply has no way of gauging the reasonableness of those charges.

The Court will allow Nextel to recover the money it spent on computerized legal research, however, as the Seventh Circuit has instructed, those expenses fall under attorneys' fees, not under costs. *See Haroco, Inc. v. American National Bank*, 38 F.3d 1429, 1440-41 (7th Cir. 1994).

## CONCLUSION

For the reasons set forth above, the Court recommends that the district court award Nextel fees and costs in the amount of $191,442.40.

Date: January 12, 2005

RESPECTFULLY SUBMITTED:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge

Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable George W. Lindberg. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut General Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).